Filed 4/3/26  P. v. Sutton CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHAN EUGENE SUTTON,<br><br>    Defendant and Appellant. | F089453<br><br>(Super. Ct. No. RF009581A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Murray J. Robertson, Commissioner.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Defendant Nathan Eugene Sutton appeals from the judgment entered after he pleaded no contest to having made a criminal threat.  He received a stipulated sentence of

---

[*] Before Detjen, Acting P. J., Meehan, J. and De Santos, J.

16 months in prison.  His appointed appellate counsel has filed an opening brief that raises no issues and requests an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm.

## BACKGROUND

In December 2024, the Kern County District Attorney charged Sutton with four counts of criminal threats (Pen. Code,[1] § 422; counts 1–4), two counts of stalking (§ 646.9, subd. (a); counts 5–6); two counts of disobeying a domestic relations court order (§ 273.6, subdivision (a); counts 7–8), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 9).  The felony complaint also alleged circumstances in aggravation as to counts 1 through 6 within the meaning of California Rules of Court, rules 4.421(a)(1), 4.421(a)(3), 4.421(b)(1), 4.421(b)(2), and 4.421(b)(3).  The People later moved to amend count 1 without objection to allege a prior strike conviction within the meaning of the Three Strikes law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)).

On January 9, 2025, as part of a plea agreement, Sutton pleaded no contest to count 1 and admitted the prior strike conviction in exchange for a promised lower term of 16 months in prison.  He also admitted a violation of probation in a misdemeanor case, case number RF009344A, in exchange for a 270-day concurrent term.  The trial court indicated it would do the following at sentencing:  dismiss the admitted prior strike conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*); dismiss count 2 subject to a *Harvey*[2] waiver; issue a 10-year criminal protective order for the count 1 victim; issue a three-year criminal protective order for the count 2 victim; dismiss all remaining counts and special allegations; and dismiss three pending, unrelated Kern County cases.  Sutton also signed a felony change of plea form, which listed the

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

terms of his plea and contained an advisement and waiver of his constitutional and statutory rights.  The parties stipulated to a factual basis for the plea based on the police reports.[3]  The court accepted Sutton's plea, finding it was supported by a factual basis and that it was knowing, voluntary, and intelligent.  All remaining counts and allegations were dismissed on the People's motion, subject to a *Harvey* waiver as to count 2.

At the beginning of the sentencing hearing on February 6, 2025, the trial court noted that defense counsel had informed the court in a chambers conference earlier that day that defense counsel had just learned Sutton was under a civil conservatorship.  The court reviewed the letters of conservatorship and saw that the "conservatorship extends to financial matters."  The court stated that a doubt had never been declared as to Sutton's competency to stand trial, and the court found "no bar to proceeding" to sentencing.  Both parties told the court they did not want a continuance.  The court granted Sutton's unopposed *Romero* motion for the prior strike conviction and imposed the stipulated lower term of 16 months on count 1.  The court imposed a 270-day concurrent term for the violation of misdemeanor probation.  The court also issued the indicated criminal protective orders for the indicated lengths of time.  The court imposed various fines and fees, and it awarded 128 days of custody credit on the felony case and 101 days of custody credit on the misdemeanor case.

Sutton filed a notice of appeal without obtaining a certificate of probable cause.

## DISCUSSION

Sutton's appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende, supra,* 25 Cal.3d 436.)  The opening brief also includes the declaration of

---

[3] No police reports or any other documents providing a narrative of the crimes are in the appellate record.

appellate counsel stating that counsel advised Sutton he could file his own brief with this court.

By letter, we invited Sutton to submit additional briefing, but we have received no response.

Having undertaken an examination of the entire record, we find no evidence of insufficient assistance of counsel or any other arguable error that would result in a disposition more favorable to Sutton.  We have examined the record for arguable errors affecting the validity of the plea, even though Sutton did not obtain a certificate of probable cause.  (Cal. Rules of Court, rule 8.304(b)(1).)

## DISPOSITION

The judgment is affirmed.